## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DECISION ECONOMICS, INC.

                Plaintiff,

    v.

JOHN BLANK,

                Defendant.

Civil Action No.

### PLAINTIFF DECISION ECONOMICS, INC.'S MOTION
### FOR LEAVE TO FILE UNDER SEAL AND
### TO IMPOUND CONFIDENTIAL MATERIALS

Pursuant to Local Rule 7.2, plaintiff Decision Economics, Inc. ("DE") respectfully requests that the Court grant it leave to file under seal copies of highly confidential and proprietary business information, which DE wishes to submit to the Court as exhibits in support of its Motion for Preliminary Injunction, including fifty-eight of the sixty-two documents John Blank ("Blank") was able to obtain through his unauthorized access to DE's protected computer (the "Fifty-Eight Documents"), as well as an affidavit signed by Blank on March 27, 2012, in unredacted form (the "Blank Affidavit").[1]  The Fifty-Eight Documents include detailed trade secret compilations of DE's client information and strategic asset allocation information, and other documents including proprietary research and analysis and subscription-based publications.  The Blank Affidavit, in unredacted form, will identify a number of confidential DE clients.  As set forth in Local Rule 7.2(a), DE requests this Court impound the Fifty-Eight Documents and the Blank affidavit until the conclusion of the case, and that DE's counsel be allowed to take possession of the impounded material upon the conclusion of this matter and

---

[1]  The Blank Affidavit currently is on file with the Court in redacted form.

maintain custody of the Fifty-Eight Documents and the Blank Affidavit during the post-impoundment period.   Pursuant to Local Rule 7.2(c), upon the termination of the impoundment order, counsel for DE is willing to retrieve the impounded Fifty-Eight Documents and Blank Affidavit.

DE further requests that this Court order that, until further order of this Court, any materials filed under seal (the "Sealed Information") shall be held and used solely in connection with the above-captioned action and may not be used for any purpose unrelated to this litigation, including without limitation, any business, governmental, commercial, or litigation (administrative or judicial) purpose unrelated to this litigation, other than the preparation, trial and appeal of this action.   In the event that either party is compelled by subpoena or other legal process to disclose any Sealed Information, that party shall provide prompt written notice of at least five (5) business days to the other party.   The written notice shall be made by facsimile to counsel of record, and shall include a copy of the subpoena or other documentation seeking to compel the disclosure, and shall identify with particularity the Sealed Information to be disclosed.

As further grounds for this Motion, DE respectfully states that this case involves the alleged misappropriation of trade secrets and confidential and proprietary information by Blank, and therefore, impoundment of the client information and strategic asset allocation information, and other documents including proprietary research and analysis and subscription-based publications, is necessary to ensure that DE's trade secrets and confidential and proprietary information and are not further disclosed to the public.

Accordingly, DE respectfully requests that the Court grant it leave to file the Fifty-Eight Documents and the Blank Affidavit under seal and to impound this confidential material until the conclusion of this case, and issue the proposed Order attached hereto as Exhibit 1.

DECISION ECONOMICS, INC.,

By Its Attorney,

/s/ Sally L. Adams
Sally L. Adams, BBO# 629688
THE LAW OFFICE OF SALLY L. ADAMS
60 Ridgewood Road
Milton, MA  02186
Telephone:     (617) 696-2027
sally@sallyadamslaw.com

DATED:  April 16, 2012

## CERTIFICATE OF SERVICE

I, Sally L. Adams, hereby certify that I caused to be served a true and correct copy of foregoing upon the Defendant by process server, on this  16th  day of April 2012, or as soon as practicable thereafter.

/s/ Sally L. Adams
Sally L. Adams

EXHIBIT 1

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DECISION ECONOMICS, INC. | |
| Plaintiff, | |
| v. | Civil Action No. |
| JOHN BLANK, | |
| Defendant. | |

**[*PROPOSED*] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE**
**TO FILE UNDER SEAL AND TO IMPOUND CONFIDENTIAL MATERIALS**

After consideration of Plaintiff's Motion for Leave to Filed Under Seal and to Impound Confidential Materials, the Court finds that good cause exists for permitting Plaintiff to file confidential materials under seal.

Accordingly, it is hereby ORDERED that Plaintiff may file confidential materials under seal and that such materials shall be impounded until further order of the Court.

Unless ordered by the Court, any materials filed under seal (the "Sealed Information") shall be held and used solely in connection with the above-captioned action and may not be used for any purpose unrelated to this litigation, including without limitation, any business, governmental, commercial, or litigation (administrative or judicial) purpose unrelated to this litigation, other than the preparation, trial and appeal of this action.  In the event that either party is compelled by subpoena or other legal process to disclose any Sealed Information, that party shall provide prompt written notice of at least five ( 5) business days to the other party.  The written notice shall be made by facsimile to all counsel of record, and shall include a copy of the subpoena or other documentation seeking to compel the disclosure, and shall identify with particularity the Sealed Information to be disclosed.

Pursuant to Local Rule 7.2(a), (c), documents to be filed by Plaintiff, including client information, strategic asset allocation information, and other documents including proprietary research and analysis and subscription-based publications, shall be impounded until the conclusion of the case, and Plaintiff's counsel will take possession of the impounded material upon the conclusion of this matter.

SO ORDERED this _____ day of April, 2012.


_____
United States District Judge