```
                    United States District Court
                      District of Massachusetts
_____
                                   )
DECISION ECONOMICS, INC.,          )
        Plaintiff,                 )
                                   )
        v.                         )    Civil Action No.
                                   )    12-10673-NMG
JOHN J. BLANK,                     )
        Defendant.                 )
_____)
```

### ORDER

**GORTON, J.**

This cause came to be heard before the Court on Friday, May 11, 2012 upon a motion for preliminary injunction filed by plaintiff Decision Economics, Inc. ("DE"). After the hearing and after considering the pleadings, materials, arguments presented by counsel and the record as a whole, the Court has determined that all conditions and requirements have been satisfied for the injunctive relief sought herein. Plaintiff's Motion For Preliminary Injunction (Docket No. 3) is therefore **ALLOWED**.

### PRELIMINARY INJUNCTION

It is hereby **ORDERED, ADJUDGED AND DECREED** that, from the date of this Order until the conclusion of the trial in this action, unless otherwise ordered by the Court:

1) Defendant John Blank ("Defendant"), his agents, and all persons who act in concert or participation with him who

      receive actual notice of this Order, are ENJOINED and prohibited from

      a) using, copying, disclosing, or publishing to anyone, or deleting or destroying, any documents, electronically stored information ("ESI'"), information, communications, files, lists, data, records, compilations, hard drives, removable electronic media, or electronically stored data in any form and of any kind, including any originals, duplicates, and/or copies, that belongs, belonged, concerns, refers or pertains to DE in any manner, including, specifically and without limitation, information with respect to DE's clients or customers, historical asset allocations, research, analysis, reports, publications, trade secrets, processes, formulae, data and know-how, improvements, inventions, techniques, marketing plans, strategies, forecasts, or methods of serving clients or customers (collectively, "DE Proprietary Information"); and

      b) discarding, deleting, erasing, destroying, or purging any documents, ESI, e-mails, data, compilations, files, metadata or information of any kind, stored on any computer system, hard drives, removable electronic media, portable or handheld devices (including, without limitation, any iPhones, iPads, BlackBerrys, smart phones, or the like), and other locations (including, but not limited to, third-party email systems, on- or off- line data storage, and social media sites) owned or controlled by the defendant, pending investigation and an analysis by a third-party neutral document retrieval/forensic computer expert.

2) On or before Friday, May 25, 2012, Defendant, his agents, and all persons who act in concert or participation with him who receive actual notice of this Order, shall

      a) disclose to DE's counsel, in writing and under oath, the location of any DE Proprietary Information in their possession, custody or control;

      b) provide a copy of this Order to each person or entity, other than DE and its attorney, whom they know or believe to have received, directly or indirectly, DE Proprietary Information; and

      c) provide written disclosure, under oath, to DE's counsel

       fully identifying, and confirming that they have provided notice to, each such person or entity.

3)   Plaintiff, pursuant to Fed. R. Civ. P. 65(c), shall post a security bond in the amount of Seven Thousand Five Hundred Dollars ($7,500) as soon as reasonably practicable after entry of this Order but in any event no later than close of business Friday, May 25, 2012.

**So ordered.**

                                         /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated May 14, 2012